### JOHN A. GOODGAME V. JAMES A. RUSHING.

The law of this State does not prohibit a mortgagee, in a mortgage with power of sale, from becoming the purchaser of the property at his own sale under the power. (Howard v. Davis, 6 Texas, 174, cited by the court.)

APPEAL from Henderson. Tried below before the Hon. John G. Scott.

In 1867, Rushing made a mortgage to F. C. Goodgame, to secure the payment of a certain note due by him to Goodgame, with power of sale, and constituting Goodgame the trustee to sell.

The note remaining unpaid after maturity, Goodgame, in pursuance of the provisions of the mortgage, advertised the property in the mortgage mentioned, and sold the same at public outcry, and became the purchaser himself.

Rushing brought suit to recover the value of the property thus sold and purchased by Goodgame, and pending the suit Goodgame died; and his son John Goodgame, administrator of the estate of F. C. Goodgame, made himself party defendant. The case pro-

ceeded to trial, and the plaintiff obtained judgment for $258, from which judgment the defendant appealed.

*T. J. Word* and *A. M. Jackson*, for appellant.

*Thos. B. Greenwood*, for appellee.

WALKER, J.—In this case the court instructed the jury as follows, to-wit:—"The defendant's intestate, being the trustee of the plaintiff for the sale of the property under a chattel mortgage, had no right to bid off the property himself, and a sale made to himself upon such a bid was void, and vested no title to the property in him."

This is not the law in this State. (See 6 Texas Reports, p. 174, Howard v. Davis; E. B. Scott v. T. W. Mann and others, opinion delivered at the last term of the court, 33 Texas, 725; 10 Johnson, 185.) It is deemed unnecessary to refer to other authorities; the court misdirected the jury.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.