BOHN BROS. & CO. v. G. W. DAVIS ET AL.

No. 2773.

1. **Trustee Buying at His Own Sale.**—A trustee to whom lands were conveyed in trust to secure his own debt and that of others secured by the conveyance may purchase at his own sale of the land.

2. **Same—Deed.**—A deed from such trustee to himself for land sold as trustee to himself, in absence of fraud, is valid to pass the title.

3. **Payment.**—That the trustee having sold the lands at cash sale executed his promissory notes for the pro rata shares of the other parties interested in the sale, they consenting, is no ground of attack upon the sale by unsecured creditors.

4. **Grantor to Himself May Prove Deed.**—It was not error to allow the maker of the deed as trustee to himself to testify to its execution, there being no witnesses or acknowledgment.

APPEAL from Camp. Tried below before Hon. Felix J. McCord.

The opinion states the case.

*Peteet & Crosby* and *J. W. Hooper*, for appellants. — 1. The execution of a deed can not be proved by the grantee. Wiggins v. Fleishel, 50 Texas, 57; Hardin v. Sparks, 70 Texas, 429.

2. A deed made by a trustee to himself is void. Everett v. Henry, 67 Texas, 402; Fuller v. O'Neal, 69 Texas, 349; Wormley v. Wormley, 8 Wheat., 421; Michoud v. Girod, 4 How., 503.

3. To enable the trustee to make a valid and legal title by virtue of a sale under a deed of trust, all material directions as to the mode and manner of executing the trust should be strictly complied with by the trustee. Fuller v. O'Neal, 69 Texas, 349; 2 Perry on Trusts, sec. 602.

4. A deed from a trustee to himself individually is null and void and is a constructive fraud against creditors. Everett v. Henry, 67 Texas, 402; Wormley v. Wormley, 8 Wheat., 421; Michoud v. Girod, 4 How., 503.

*E. A. King*, for appellee. — 1. L. G. Davis was trustee, also *cestui que trust* and purchaser; he was grantor in his fiduciary capacity and grantee in his individual capacity. Marsh v. Hubbard, 50 Texas, 203.

2. The deed was properly admitted, because properly proven under the common law rule by a legal grantor to-wit, L. G. Davis.

3. G. W. Davis had a right to prefer certain creditors. Smith v. Whitefield, 67 Texas, 124. L. G. Davis being a creditor and a beneficiary named in said trust deed had a right to buy at his own sale. Marsh v. Hubbard, 50 Texas, 203.

4. Appellants are not in a condition to complain in regard to the consideration accepted by the beneficiaries in said deed from L. G. Davis, trustee, to L. G. Davis. Marsh v. Hubbard, 50 Texas, 203.

HENRY, ASSOCIATE JUSTICE.—On the 5th day of December, 1884, G.

W. Davis, being then insolvent, executed a deed whereby he conveyed to L. G. Davis several tracts of land to secure the payment of certain debts specified in said deed (one of them payable to himself), and with authority to the trustee, if the debts secured should not be paid at maturity, at the request of the several creditors, to advertise and sell the encumbered lands at the court house of the county in which they are situated, at public auction to the highest bidder for cash.

Following the directions of the trust deed the lands were sold by the trustee to himself, and he made a deed conveying them to himself.

He paid part of the proceeds of the sale to the creditors whose claims were secured by the deed of trust, and for the balance he executed to each creditor his note for so much of the balance as was due to him.

The creditors accepted without objection the notes in lieu of cash, and do not now complain.

Appellants, who were unsecured creditors of G. W. Davis, recovered judgment against him and purchased the lands sold under the trust deed at the sale made by virtue of an execution issued from said judgment.

This suit is brought by them against G. W. Davis and the purchasers of the land through the trustee's sale, for the recovery of the lands. The petition is in the usual form of an action of trespass to try title, and defendants, among other things, pleaded not guilty.

No issue of fraud was tendered by the pleadings. Judgment was rendered on the verdict of a jury in favor of defendants.

The deed to L. G. Davis was from himself as trustee to himself as an individual. It was not witnessed, and at the trial he was permitted, over plaintiffs' objection, to testify to the fact of its execution.

The following are the only errors assigned:

"1. The court erred in permitting L. G. Davis to testify to the execution of the deed.

"2. The court erred in refusing to charge the jury, at plaintiffs' request, that in order to enable a trustee to convey any title by virtue of a sale made by him under a deed of trust, the proof should show that all material directions as to the mode and manner of executing the trust were complied with by him.

"3. The court erred in failing to charge, as requested by plaintiffs, that a deed made by a trustee to himself individually is null and void."

We find no error in any of these proceedings. It was held by this court in the case of Howards v. Davis, 6 Texas, 183 (and the doctrine has been approved in subsequent cases), that a mortgagee with power to sell may purchase at his own sale, made at public auction. In that case it was said:

" A mortgagee is a trustee, but in a qualified sense. He does not hold for the benefit of others, but for himself. He is a *cestui que trust* as well as trustee. He has an interest in the property. It is pledged ex-

pressly to secure his claim, and were he deprived of the power to purchase he might suffer great loss by its sale at a low price.  He has an interest that the bid shall amount to his encumbrance, and that the property be not sacrificed, to the injury as well of the mortgagor as the defeat of his own claim, as this may be the only fund for the discharge of his debt.  Sales at foreclosures, whether under a power or by decree, are open and public and are made after long notice; and it is to the interest of the mortgagor that the mortgagee should enter into the competition at the sale."

The only distinction between this case and others on the same subject is, that while in the others only a debt to the mortgagee making the sale was secured, in this other creditors are also secured and interested in the property.  We see no substantial reason why the rule should not embrace such cases as this.

If by any means the trust is abused as to the other beneficiaries by the trustee, they have their remedy.  In this case they make no complaint.  The same may be said about the execution to the other beneficiaries by the trustee and purchaser of his notes for their shares of the proceeds of the sale instead of paying them in money.  They do not complain, and other creditors can not.

There is no reason why the grantor in a deed may not testify to its execution, in any case, when it is offered in evidence.

The judgment is affirmed.

*Affirmed.*

Delivered November 5, 1889.