## C. H. SHAPPARD v. J. H. CAGE.

Decided June 4, 1898.

**1. Trespass to Try Title—Alternative Relief—Foreclosure of Lien.**

The vendee of a purchaser of land at execution sale who is also the owner of the judgment on which the execution was issued, may, as alternative relief to a claim of title under such purchase, have adjudicated the sufficiency of an adverse claim under a deed of trust lien pending at the time of the execution sale, and may have the lien of the judgment given priority and foreclosed on the land.

**2. Judgment for Bank in Liquidation.**

A judgment recovered in the name of a bank after it has gone into voluntary liquidation is not for that reason invalid.

**3. Sale of Bank Assets—Purchase by Liquidating Trustee.**

One of the liquidating trustees of a bank which is entirely solvent is not incapacitated to become a purchaser at a sale of the assets of the bank by such trustees, made at auction to the highest bidder after giving notice.

**4. Subrogation—Loan to Discharge a Debt Assumed.**

A loan of money to another to be used by the latter in paying off notes secured by deed of trust, the payment of which the latter has assumed, does not of itself entitle the lender to be subrogated to the lien rights of the holder of the deed of trust.

**5. Practice on Appeal.**

Technical error in rendering judgment, in an action against one person exclusively, against other persons already made liable by judgment, is harmless, where they do not complain.

APPEAL from Erath. Tried below before Hon. J. S. STRAUGHAN.

*James U. Vincent* and *Essex & Dycus,* for appellant.

*Martin & George, L. N. Frank,* and *A. P. Young,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The Erath County National Bank recovered a judgment against J. W. Evans, B. L. Hollis, and J. P. McCarty, October 23, 1894, in the sum of $1546, a correct abstract of which was duly filed, recorded, and indexed in the county clerk's office of Erath County, October 31, 1894. Execution was issued on this judgment March 25, 1895, and an alias execution August 1, 1895, both of which were returned nulla bona.

Thereafter, October 1, 1895, the land in controversy, situated in Erath County, was sold under a third execution, issued September 10, 1895, and levied thereon as the property of J. W. Evans. The sheriff's deed, for the consideration of $2.50, was made to J. B. Ator, as trustee for the bank, it having, on March 15, 1892, gone into voluntary liquidation. The title so acquired, as well as all other assets of the bank, including the judgment referred to, was in February, 1897, conveyed by the vice-president and trustees of the bank, under the corporate seal, to the appellee Shappard, also one of the trustees.

J. P. McCarty was the common source of title, who, joined by his wife, conveyed the land in controversy, August 25, 1893, to J. W. Evans for the recited consideration of five $300 promissory notes, to secure the payment of which a lien was expressly reserved. On November 10, 1894, Evans conveyed the land to M. T. Gillentine, who assumed to pay the notes above mentioned. On November 19, 1894, Gillentine, in order to secure the appellant Cage in a loan of $850, made a deed of trust to C. F. Overby. On December 11, 1894, McCarty and wife executed to Evans a release of the vendor's lien retained in their deed to him. Afterwards appellant Cage purchased the land at the sale authorized by his deed of trust.

This suit was brought by Shappard against Cage to recover the land, and, failing in that, to have his judgment lien foreclosed. The district judge, before whom the case was tried without a jury, denied his right to recover the land, but upon the second count in his petition foreclosed the lien and ordered the land sold in satisfaction thereof. From that judgment this appeal is taken.

Inasmuch as the material facts are succinctly stated in the briefs, and as there is no such conflict in the evidence as would affect the result here, we proceed at once to dispose of the questions raised by the assignments of error.

1.   There was no error in overruling the demurrer to the second count in the petition.   The land had already been sold under execution against the defendants in the judgment, and notwithstanding the purchase by appellee's vendor at this sale, appellant recovered it from one Hubbard, and was claiming it as purchaser under his deed of trust.   At the execution sale, which took place pending the lien created by the deed of trust, the nominal sum of $2.50 was the highest bid made.   Under these circumstances, we think it was admissible for the vendee of the purchaser at the execution sale, who was also the owner of the judgment, to have, as alternative relief, the sufficiency of the adverse claim adjudicated. Hull v. Naumberg, 1 Texas Civ. App., 132.

2.   The judgment recovered in the name of the Erath County National Bank, after it had gone into voluntary liquidation, was not for that reason invalid.   Such is the construction given the national bank statute by the Supreme Court of the United States.   National Bank v. Insurance Co., 104 U. S., 693.

Nor did the fact that appellee was one of the liquidating trustees incapacitate him to became a purchaser at the sale by such trustees of the assets of the bank, he being one of the stockholders, and the sale being at auction to the highest bidder, after notice given of the time and place and manner of the sale to all the stockholders, who alone were interested in the matter, the bank being entirely solvent.   It is held in this State that a trustee, in the protection of his own interest, may become a purchaser at his own public sale.   Marsh v. Hubbard, 50 Texas, 203; Bohn v. Davis, 75 Texas, 24.

3.   The contention that the judgment lien had expired for the want of continued diligence in the enforcement of the judgment by execution, seems to be founded upon decisions construing statutes long since superseded by statutes evidently intended to meet the difficulties suggested by those decisions, and is not therefore tenable.

4.   The contention that the judgment lien did not attach, because at the date of its registration the land was the homestead of McCarty and wife, can not be sustained, because it is clear from the evidence that it had ceased to be their homestead prior to the rendition of the judgment. The evidence certainly justified, if it did not require, the inference that McCarty and wife, who had no children, upon being divorced, each abandoned and ceased to occupy the land as a home, having conveyed it to Evans for that purpose and as a means of partition between them.

5.   The contention that appellant should be subrogated to the rights of McCarty and wife, as holders of the notes executed by Evans, is equally untenable, since it is clear from the evidence that appellant relied exclusively upon the deed of trust made after the judgment lien was recorded, it being understood at the time between him and Gillentine that the purchase money notes were to be paid off and the vendor's lien extinguished, and the mere fact that the money loaned by him to Gillentine was to be used in paying off these notes would not of itself entitle the appellant to the subrogation claimed.

6.    There was technical error in again rendering judgment against J. W. Evans, B. L. Hollis, and J. P. McCarty in this suit, which was against Cage exclusively; but as they do not complain, and the error does not affect the rights of Cage, it becomes harmless.

These conclusions lead to an affirmance of the judgment.

*Affirmed.*

Writ of. error refused.

TARLTON, Chief Justice, did not sit in this case.