HALL, J.
 

 Appellants executed their, two promissory notes to the Commeroial Bank of Abilene, Tex., and said bank, before maturity, transferred the same to the appellee bank and trust company. Suit was filed by the appellee bank upon the notes, alleging
 
 *824
 
 that it was a private corporation duly incorporated under the laws of the state of Texas, and that E. V. Bynum was its president. Appellants answered by general denial and alleged (a) that plaintiff was not an innocent holder of the note sued upon; (b) denied that defendants were jointly and severally liable; (c) set up fraud in the execution and delivery of the.notes; and (d) that the consideration therefor was fraudulent. The case was tried January 1, 1916, resulting in a verdict in favor of the bank against all of appellants for the full amount of the principal, interest, and attorney’s fees provided in both notes. Motion for new trial was overruled and appellants herein appealed to the'.Court of Civil Appeals at Ft. Worth. By order of the Supreme Court the cause was transferred to the Eighth Court of Appeals, where the judgment of the trial court was affirmed. Thereafter appellants instituted this proceed- ’ ing in the county court to vacate the judgment, upon the ground that said “judgment was void a quo, because there was no person, natural or artificial, named as plaintiff therein,” and the trial court was without jurisdiction to render judgment without a party plaintiff. The history of the litigation is set out in the motion, and it is alleged that;
 

 “There was a person existing by the name of the First State Bank & Trust Company, a corporation under the laws of Texas (although such person at the time of the institution of this sham suit was extinct, dead, and fictitious) who acquired said purported notes, but said Commercial National Bank of Abilene, Tex., never indorsed same. Said First State Bank & Trust Company transferred or assigned said notes pri- or to its extinction or death.”
 

 It is further alleged, in substance, that prior to the institution of the suit the First State Bank & Trust Company of Abilene was now extinct and dead; that said bank and trust company was incorporated as a banking and trust company under the Revised Statutes of Texas, and was not dissolved under articles 1205 and 1206 of the Revised Statutes of Texas, and could not be dissolved under such provisions; that it was not dissolved under article 453 et seq., of the Revised Statutes of Texas, and could not have been dissolved under either that article or article 561, “but, on the other hand, it became extinct and dead and had no business to wind up prior to the filing of this suit.” The court found, among other facts, that appellants filed their answer in the original action brought to recover upon the notes and failed to raise the issue that appellee bank was not duly incorporated as required by article 1906, subdivision 7, Vernon’s Sayles’ Civil Statutes, and held because no verified answer was filed denying that appellee was duly incorporated under article 1822, Vernon’s Sayles’ Civil Statutes, the allegation should be taken as true; that the pleading attacking the right of appellee to sue upon the notes was a plea in abatement, and not having been filed in the due order of pleading, the issue could not be raised by motion to set aside the judgment.
 

 We think this holding is unquestionably correct. Harvey v. Provident Ins. Co., 156 S. W. 1127; Shappard v. Cage, 19 Tex. Civ. App. 206, 46 S. W. 839; Midkiff v. Johnson County Bank, 144 S. W. 705; Vernon’s Sayles’ Civil Statutes, arts. 1906, 1822; 10 Cyc. 1353. The motion to vacate the judgment does not show that appellants had a meritorious defense, and that they had used due diligence in presenting it or had been illegally deprived of their day in court; on the contrary, it is shown that they filed an extended answer in the original trial, urging several defenses, but failed to plead in abatement as required by the article of the statute mentioned above. The motion alleges that appellee bank at one time was duly incorporated, and while there is a general allegation that it is defunct, dead, and extinct, such statement is merely the conclusion of the pleader, and it is not shown that the corporation was ever dissolved in either of the ways provided for dissolving corporations in this state. Vernon’s Sayles’ Civil Statutes, arts. 1205, 1206. While it is alleged that appellee bank had no assets, such statement cannot be true in the face of the showing in the motion itself that ap-pellee had a valid judgment for the amount of the notes. By article 1206 it is provided that the president, directors, and managers of any corporation which has been dissolved shall be trustees of the creditors and stockholders of the corporation, with full power to settle its affairs, collect all outstanding debts, etc. If we should take the general allegation by appellants that the bank was extinct and dead as a sufficient allegation that the corporation had been dissolved, the motion would still be subject to a general demurrer, since it is not shown that the original suit was not instituted by the trustees in the name of the corporation, to collect the debt. <
 

 For the reasons stated, the action of the court in denying the motion is sustained, and the judgment is affirmed.
 

 <gxs>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
 

 <&wkey;For other oases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes