THORNTON et ux. v. GOODMAN.
(No. 111–2961.)

(Commission of Appeals of Texas, Section A.
Nov. 26, 1919.)

1. MORTGAGES, ☞369(3)—FORECLOSURE SALE NOT INVALID FOR INADEQUACY OF PRICE.

A sale under a trust deed cannot be avoided merely because of inadequacy of price and an offer on the part of the grantors in the trust deed to pay the debt and expenses incident to the sale, even though the beneficiary under the trust deed was the purchaser and has not disposed of the property.

2. MORTGAGES ☞209—ATTORNEY OF BENEFICIARY MAKING FORECLOSURE SALE AS TRUSTEE.

The effort of a trustee in a trust deed, as attorney of beneficiary, to collect the note secured thereby was not incompatible with his duty as trustee to make a sale in the event of its nonpayment.

3. MORTGAGES ☞8—DEED IN TRUST A MERE MORTGAGE WITH POWER OF SALE.

A deed in trust to secure a debt is in legal effect a mere mortgage with power of sale.

4. MORTGAGES ☞24—INTEREST IN DEBT DOES NOT DISQUALIFY TRUSTEE.

Interest in the debt secured does not disqualify one from acting as trustee in a trust deed.

5. MORTGAGES ☞24, 362—MORTGAGEE MAY ACT AS TRUSTEE.

A mortgagee may himself act as trustee in a trust deed, and become the purchaser at a sale of the property.

6. MORTGAGES ☞209—TRUSTEE ACTING AS ATTORNEY FOR BENEFICIARY CREATES NO PRESUMPTION OF FRAUD.

The fact that a trustee under a trust deed executed to secure a debt acts as attorney for the beneficiary in attempting to collect the debt makes it the duty of the court to scrutinize very closely every act of the trustee in the execution of the trust, but no presumption of fraud can arise from the mere relation.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Lewis Goodman against A. L. Thornton and wife, a judgment for plaintiff was affirmed in the Court of Civil Appeals, (185 S. W. 926), and the defendants bring error. Reversed and rendered.

G. L. & Atlas Jones, of San Antonio, for plaintiffs in error.

Lea, McGrady & Thomason, of El Paso, for defendant in error.

SONFIELD, P. J. Lewis Goodman, joined by his wife, conveyed in trust to Atlas Jones certain premises in the city of El Paso, to secure the payment of a note in the sum of $2,500, due one year after date, payable to the order of A. M. Thornton. The note contained a provision for attorney's fees. The deed in trust vested in the trustee the power of sale, in the event of default. The note not being paid at maturity, the trustee, after due notice and advertisement, sold the premises on the first Tuesday in November, 1914, to A. M. Thornton for the sum of $1,000, and executed a deed conveying the property to her. On November 11, 1914, Lewis Goodman, plaintiff, brought this action against A. L. Thornton and his wife, A. M. Thornton, defendants, seeking to cancel the trustee's deed and to recover title and possession of the premises, together with their rental value. In his petition, plaintiff offered to pay the principal and interest of the note, the expenses incident to the sale, together with attorney's fees, and prayed the court to find the amount he should, in equity, be required to pay defendants.

The case was tried to a jury, and submitted upon special issues. The trial court filed additional findings. Judgment was entered on the verdict in favor of plaintiff, canceling the trustee's deed and awarding him title and possession of the premises and the sum of $885.50 for rents. The judgment further established the debt of plaintiff to defendant A. M. Thornton, and this amount, less the sum of $885.50, was awarded defendant A. M. Thornton, with foreclosure of her lien upon the premises. On appeal, the judgment of the district court was affirmed. 185 S. W. 926.

The findings of the jury and additional findings by the trial court, together with a full statement of the facts, are contained in the opinion of the Court of Civil Appeals; but for the purpose of determining the questions presented, the following statement will suffice:

Atlas Jones, the trustee, was a member of the law firm of G. L. & Atlas Jones. In making the loan, the trustee acted as attorney for A. M. Thornton, examining the title to the land and preparing the note and deed in trust, which fact was known to plaintiff.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

When the note matured, it was sent to the bank for collection, and was thereafter placed in the hands of G. L. & Atlas Jones for this purpose. The attorneys notified plaintiff of this fact, and advised that, if the note was not paid by a given date, the property would be sold under the deed in trust, but, if paid without further trouble; a reduction in the attorney's fees would be made. Receiving no answer to this communication, the trustee proceeded to post the notices of sale and to advertise the same, in full compliance with the law, and, in addition, mailed plaintiff a copy of the notice, and thereafter made the sale. The jury found the market value of the premises to be $5,800 at the date of sale.

The trial court and Court of Civil Appeals found there was no actual fraud on the part of the trustee, and no irregularity of any kind in the sale, which was made fairly and in good faith. The Court of Civil Appeals held, however, that the action of the trustee in accepting employment as attorney for the beneficiary, to collect the note, without the knowledge and consent of plaintiff, constituted a constructive fraud upon him; that this, coupled with the inadequacy of price, was sufficient to warrant the setting aside of the sale, especially in view of the fact that the beneficiary was the purchaser, the premises were still in her hands, and plaintiff had promptly sought to set aside the sale, offering to do complete equity.

[1] Unless the trustee was disqualified to act, the sale was valid, without taint of fraud, unfairness, or slightest irregularity, or any circumstances tending to prevent the property from bringing approximately its reasonable value. This being true, the sale cannot be avoided merely because of inadequacy of price. Pearson v. Flanagan, 52 Tex. 266; Klein v. Glass, 53 Tex. 37; Irvin v. Ferguson, 83 Tex. 491, 18 S. W. 820; House v. Robertson, 89 Tex. 681, 36 S. W. 251. Nor will the sale be set aside on the offer of plaintiff to pay the debt and expenses incident to the sale, even though the beneficiary under the trust deed was the purchaser, and has not disposed of the property. In the absence of fraud, unfairness, or irregularity, the offer presents no ground for such relief.

This leaves for determination the one question: Was Jones, through his employment as attorney for the beneficiary under the trust deed, disqualified from acting as trustee?

[2] We can perceive no good reason for holding that a disqualification exists. Default having been made in the payment of the note, a sale was authorized. There was no controversy as to the existence of the debt, or its amount. It was at least as much to the interest of the debtor as to the beneficiary that the note be paid without the exercise of the power of sale. No active duty was imposed upon the trustee until directed to make the sale. The payment of the note would have terminated the trusteeship. The effort of Jones, as attorney for the beneficiary, to collect the note was not incompatible with his duty as trustee to make the sale, in the event of its nonpayment. The duties of the trustee were specifically set out in the instrument, and any departure therefrom would be easy of detection.

We think the view that no disqualification exists logically results from the previous decisions of the Supreme Court.

[3-6] A deed in trust to secure a debt is in legal effect a mere mortgage with power of sale. McLane v. Paschal, 47 Tex. 365. Interest in the debt secured does not disqualify one from acting as trustee. The mortgagee may himself act as trustee, and become the purchaser under such sale. Howard v. Davis, 6 Tex. 174; Scott v. Mann, 33 Tex. 726; Goodgame v. Rushing, 35 Tex. 722; Bohn Bros. v. Davis, 75 Tex. 24, 12 S. W. 837. In view of this holding by our Supreme Court, the Circuit Court of Appeals of the Fifth Circuit, in Randolph v. Allen, 73 Fed. 37, 19 C. C. A. 367, held a sale by a trustee, an employé of the beneficiary, and at his direction, valid. If the mortgagee himself and his employé are qualified to so act, by what process of reasoning can it be held that an attorney of the beneficiary is, through the relation, disqualified? The relation of the parties would make it the duty of the court to scrutinize very closely every act of the trustee in the execution of the trust; but no presumption of fraud can arise from the mere relation. Clark v. Eaton, 100 U. S. 149, 25 L. Ed. 573.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and judgment here rendered for defendants.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.