### DANIEL v. HENDERSON et al.

### No. 4386.

Court of Civil Appeals of Texas. El Paso.
June 15, 1944.

Rehearing Denied July 13, 1944.

C. O. McMillan, of Stephenville, for appellant.

Earl A. Forsythe and P. O. Lopp, both of Dallas, for appellees.

SUTTON, Justice.

This appeal is from the 95th District Court of Dallas County.

The suit was brought by Mrs. R. J. Daniel, a feme sole, as plaintiff, against B. F. Henderson and Southern Trust and Mortgage Company, a corporation, in trespass to try title and to cancel a trustee's deed for certain described lands in Dallas County. The case was tried on the facts to a jury and on the verdict of the jury judgment was rendered in favor of the defendants, from which this appeal has been perfected.

As we understand it on the oral arguments it was conceded the case is made to depend upon the validity of a trustee's sale and deed. In all events we regard a determination of that issue decisive of the case.

On May 5, 1939, Mrs. R. J. Daniel, the plaintiff here, Mrs. Hazel Sachse and M. C. Daniel executed and delivered their promissory note payable to the order of B. F. Henderson at the office of the Southern Trust & Mortgage Company, Dallas, Texas, in the principal sum of $6,000, bearing 7% semi-annual interest. The principal was payable $200 on November 15, 1939, and $200 on the 15th day of May and November thereafter, including November 15, 1943, and $4200 on November 15, 1944. On the same date Mrs. R. J. Daniel executed a deed of trust to A. M. Costa as trustee on the lands sued for, among others, to secure B. F. Henderson in the payment of his debt. The deed of trust contained a power of sale but did not provide for a sale by the trustee to himself.

Default was made and the trustee advertised the property for sale and sale thereof was had on February 3, 1942. It was struck off to Southern Trust & Mortgage Company on the bid of its president, F. M. Love, for the lump sum of $5,000. Present at the sale were the trustee, A. M. Costa, Hon. Earl R. Forsythe, attorney for the Company, Mr. M. J. Green, out of the Company office and described as a witness to the sale, and Mr. F. M. Love, President of the Company, who bid the property in for the Company on the only bid made. Deed was executed by the trustee to the Company for the property.

On February 18, 1942, this suit was filed by Mrs. R. J. Daniel to recover the property and to set aside the sale on various alleged grounds, amongst which were that the sale was illegal because the sale was made by Mr. A. M. Costa, the trustee, to the Southern Trust & Mortgage Company, a corporation, in which the trustee owned stock and was a director, vice-president and secretary and treasurer, and the sale was, therefore, in effect a sale to himself and illegal. In

her pleadings the plaintiff proposed to do equity.

On March 17, 1942, the Southern Trust & Mortgage Company paid B. F. Henderson his principal and interest to date and took an assignment of his debt and lien. On November 25, 1942, the Company filed a cross action wherein it sought to recover title to the property sued for by the plaintiff, relying upon the trustee's deed, and in the alternative in a second count to recover the amount of its debt due on the Henderson note and to foreclose the lien.

On a special exception the court struck out the allegations of the plaintiff setting up the claimed illegality of the sale, the substance of which are given above, to which exception was duly taken. To that action proper assignment and exception have been preserved and presented here. On the trial the court held the sale valid and rendered judgment in favor of the defendant Company on its count in trespass to try title, and recited in the judgment since the count to recover on the note and to foreclose the lien was in the alternative that relief was rendered moot and denied. An assignment is here on the action of the court in rendering judgment for the recovery of the property and against the plaintiff. Plaintiff has briefed points on each assignment.

■ We are of the opinion the trustee's sale and deed must be set aside. The facts heretofore recited are undisputed. It is likewise undisputed Mr. A. M. Costa, the trustee, is a stockholder in the Southern Trust & Mortgage Company, its vice-president and secretary and treasurer and has been since the organization of the Company in 1924. Mr. F. M. Love, who bid the property in for the Company, is its president and has been since its organization in 1924, and is a director along with Mr. Costa. There are other stockholders but the purchase of the property was not submitted to them and they knew nothing about it. Costa and Love operate as a firm in the insurance business. Both the firm and the Company have offices at 707 Republic Bank Building.

The jury found Mr. Costa had agreed prior to the sale with Mrs. Sachse that her mother, Mrs. Daniels, might redeem the property within ten days from the date of the sale, but found also that Mrs. Daniels was not in financial position to redeem. Mr. Costa testified a number of people sought to redeem but none came with any money or a written contract. He was of the opinion the property should have brought at such time some $8,500. The jury found it to be worth $10,350 at the date of the sale.

■ We are cited to no case involving an exact fact situation such as we have here and we have been unable to find one, but the principles applicable, we think, are well established, clear and unmistakable. Mr. Costa was acting in a fiduciary capacity and at all times prior to and at the time of the sale and at the time he undertook to deed the property to the Southern Trust & Mortgage Company, neither he nor the Company was in any sense a beneficiary. It is too elementary to require the citation of authorities that a trustee may not, as a general rule, with limited, rare and carefully guarded exceptions, sell to himself. In discussing this rule Mr. Story, in his Twelfth Edition of Equity Jurisprudence, Sec. 322, lays down the general rule that a trustee is bound not to do anything, which can place him in a position inconsistent with the interest of the trust, or which has a tendency to interfere with his duty in discharging it.

It is said in Corpus Juris, Vol. 65, p. 768, Sec. 642(a):

"One of the most familiar doctrines of the law of trusts is that a trustee cannot purchase from himself or at his own sale. The law does not stop to inquire into the fairness of the sale or the adequacy of price, but stamps its disapproval upon a transaction which creates a conflict between self-interest and integrity of the trustee," and cites many authorities.

Mr. Perry, in his work on Trusts, Sixth Edition, Vol. 2, p. 1007, Sec. 602v, says:

"It is necessary to repeat, on every occasion that a trustee for sale, and a mortgagee with power of sale, or the assignee cannot execute the trust or the power in favor of themselves. * * * There is so much danger of fraud or collusion, and it is so difficult to trace and expose them, in the execution of such powers, that the law has placed almost an absolute prohibition in front of such an execution of trusts or powers."

Judge Brown, for the Supreme Court, in Nabours et al. v. McCord et al., 97 Tex. 526, 80 S.W. 595, at page 598, quotes from Judge Wheeler in Shannon v. Marmanduke, 14 Tex. 217, as follows:

"He (the trustee) cannot be both buyer and seller at the same time, or connect his own interest in his dealings as an agent or trustee for another. It is incompatible with

the fiduciary relation. * * * The rule is founded on the danger of imposition and the presumption of the existence of fraud inaccessible to the eye of the court. The policy of the rule is to shut the door against temptation, and which, in the cases in which such relationship exists, is deemed to be of itself sufficient to create the disqualification."

The rule is said to be fixed when there arises a conflict between interest and duty, and is applied to prevent a great public mischief. Simpkins on Equity, page 231.

Mr. Perry says again, Vol. 2, page 999, Sec. 602o:

"Trustees and mortgagees, in the execution of their powers, must use the utmost good faith toward all parties in interest. This proposition cannot be too strongly stated and enforced. They must act impartially for every person who has any rights in the estate. * * * They must use every effort to sell the estate under every possible advantage of time, place and publicity. * * * A Mortgagee is bound, in the exercise of his power, not to use it to oppress the debtor, nor to sacrifice the estate."

█ It has been held the rule applies and a trustee may not sell the trust property to a corporation in which he has a large interest, 65 C.J., supra, and cases cited in note 15, p. 770, and that he does not deal with himself when he sells property to a corporation in which he owns a minority of the stock. 65 C.J., supra, note 17, p. 770, and cases. Under these authorities it is insisted by appellee, because there is no showing as to how much stock Mr. Costa owned in the Southern Trust & Mortgage Company, the sale is not vitiated. This case does not rest on the ownership of stock, nor are we called upon to determine to what extent stock ownership is essential to invoke the rule. It is said in the Restatement of the Law of Trusts, page 432, Sec. 170, Sub-section c:

"The trustee violates his duty to the beneficiary not only where he purchases the trust property for himself individually, but also where he has a personal interest in the purchase of such a substantial nature that it might affect his judgment, in making the sale. Thus, a trustee violates his duty if he sells trust property to a firm of which he is a member or to a corporation in which he has a controlling or substantial interest."

In the instant case, Mr. Costa, the trustee, was one of the ranking, active executive officers, holding the position of director, vice-president and secretary and treasurer of the purchasing corporation, and had been such since its organization in 1924. He was a close business associate of the president of the Corporation, who purchased the property for it. Every reason that has ever been applied by the authorities in the application of the rule against a purchase by the trustee, or that can be applied, is applicable to the facts in this case with full force and effect. Duty and loyalty of Mr. Costa to his Company for whose ongoing, progress and prosperity he as its officer and director has, create for him the greatest responsibility. His relationship to it should, and doubtless does, stimulate in him a greater interest and desire to promote its welfare than to protect and promote his own personal interests, because in the former those who repose and entrust confidence in him may suffer from his neglect and failure, whereas he alone suffers in the latter instance. The opportunity for conflict between interest and duty is the vicious ingredient. The presence of the opportunity in this case is too unmistakable and certain to overlook.

We conclude, therefore, for the reasons stated, the judgment of the trial court must be reversed and the cause remanded, as between the plaintiff and the Southern Trust & Mortgage Company, for the adjustment of any equities between them and that plaintiff may have the opportunity to redeem her property on the payment of principal and interest, but since B. F. Henderson is shown to have no further interest, the judgment in his favor is affirmed.

### On Motion for Rehearing.

McGILL, Justice.

█ Appellee requests that the last paragraph of our opinion be clarified so as to specify that plaintiff be required to pay attorney's fee in addition to principal and interest, in order to redeem her property. There is no question but that the note in question had been declared due and placed in the hands of an attorney for collection prior to the institution of the suit. The attorney's fees provided in the note are therefore a part of the indebtedness due, and in order to redeem her property plaintiff will be required to pay such attorney's fees as

well as principal and interest due on the note.

Appellee also requests this Court to file findings of fact and conclusions of law as to the Southern Trust & Mortgage Company's relationship with the mortgagee and the capacity in which it purchased and held the property at the trustee's sale.

The testimony of the trustee, Mr. Costa, and of the mortgagee, Mr. Henderson, fails to show that prior to the foreclosure sale, the Southern Trust & Mortgage Company had any interest in the indebtedness owing to Mr. Henderson, or was under any legal obligation to purchase the property for him, or to indemnify him for any loss that he might suffer by reason of the foreclosure. The testimony goes no further than to show that after the property had been purchased by the Southern Trust & Mortgage Company at the foreclosure sale it offered to convey it to Mr. Henderson or to pay him the full amount of his debt, and that he then elected to take his money. These voluntary acts on the part of the Southern Trust & Mortgage Company are destitute of legal effect on the issues tendered by this appeal.

The motion for rehearing is overruled.