## ALBRIGHT et al. v. SMITH et al.
### (No. 845–4563.)

(Commission of Appeals of Texas, Section A. Nov. 24, 1926.)

**1. New trial ⚫═42(2)—Prejudice of juror, constituting ground for new trial, must exist at time he is accepted.**

Prejudice of juror, to constitute ground for new trial, must exist at time he is accepted for service or because of something not developed at trial.

**2. Evidence ⚫═594—Uncontradicted testimony of witness must be accorded verity.**

Uncontradicted testimony of witness, not inherently improbable, must be accorded verity.

**3. New trial ⚫═140(3)—Evidence of bias of juror, existing at time he was examined and accepted, held to justify new trial.**

Evidence showing that juror was in favor of litigant by reason of personal acquaintance antedating trial and existing at time juror was examined and accepted, held to constitute ground for new trial.

**4. Evidence ⚫═67(3)—Evidence of sheriff's return, showing publication of citation in newspaper on particular date, held inadmissible to show paper had not ceased publication before such date.**

Where trustee testified that he had published notice of trustee's sale, and attempt was made to show that paper had ceased publication before such date, evidence of sheriff's return in an entirely different cause, stating that he had published citation in such newspaper after that date, held inadmissible.

**5. Appeal and error ⚫═1050(1)—If error existed in admission of evidence which may have contributed to cause verdict, error is not harmless.**

Where admission of certain evidence may have contributed to cause verdict on special issue, if there was error in its admission, error is not harmless.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by J. E. Albright against Annie E. Smith and others, wherein W. L. Futch and wife were made parties defendant. Judgment for plaintiff and impleaded defendants was reversed and remanded by the Court of Civil Appeals (279 S. W. 852), and they bring error. Judgment of Court of Civil Appeals affirmed.

See, also, 261 S. W. 461.

I. J. Rice and Courtney Gray, both of Brownwood, and Critz & Woodward, of Coleman, for plaintiffs in error.

Jenkins, Miller & Harris, of Brownwood, for defendants in error.

NICKELS, J. The opinion of the honorable Court of Civil Appeals, upon which a reversal and remand of the cause was predi-

cated, is reported at page 852 of 279 S. W. Writs of error were allowed all parties—to Albright et al. upon assignments presenting claim of error in the reversal because of a juror's bias, and to Smith et al. upon assignments claiming error in the admission of certain evidence. Smith et al. present assignments of error in other respects; but we are satisfied that the Court of Civil Appeals correctly disposed of those questions, and they will not be further discussed in this opinion.

[1-3] The basis of the contention of error in the ruling of the Court of Civil Appeals that the juror was biased is that prejudice must exist at the time the juror is accepted for service or because of something not developed at the trial; otherwise, it is said, opinions formed by a juror as the result of hearing and considering the evidence would operate to disqualify him, and thus a jury trial would become impossible. We think the law of the subject is thus correctly epitomized by counsel. But, in our opinion, there is uncontroverted · evidence showing that whatever bias the juror had existed at the time he was examined and accepted. According to the testimony of Henry Buck, Mr. Carr stated that "he had known Mr. Futch for some time," that he had lived at Coleman possibly some two or three years and knew Mr. Futch pretty well," and that "he was very much in favor of Mr. Futch on account of knowing Mr. Futch like he did." Mr. Carr did not testify. No objection was made to Mr. Buck's testimony, nor is it contradicted. When Buck's testimony is accorded verity, as it must be, it shows that the thing which put Mr. Carr "in favor of Mr. Futch" was personal acquaintance antedating the trial. Part of this testimony was not particularly noticed in the opinion of the honorable Court of Civil Appeals, but its existence has impelled our conclusion that the judgment of reversal was proper.

[4] Remand of the case makes necessary a disposition of a question presented by defendants in error. An important fact issue upon the trial was whether or not notice of the trustee's sale had been published for the requisite time in a newspaper published in Brown county. The issue was submitted to the jury, and a verdict establishing the fact of publication was returned, and that finding is the basis of the judgment. If the notice was published at all, it was published in a newspaper called "The Living Issue," a periodical which apparently had but a comparatively short life, and whose files could not be located. The trustee testified that according to his "best recollection" he caused the notices to be published in a paper called "The Brownwood Banner." Subsequently, he corrected his testimony, and said that he caused the notices to be published in The Living Issue. Through testimony offered in behalf of Smith, an issue was made about the accuracy of the trustee's testimony and as to whether or not The Living Issue had ceased publication before the period when the notices were required to be published. Thereupon, and despite the objection of hearsay seasonably interposed, plaintiffs in error were allowed to introduce in evidence the sheriff's return upon a citation issued March 22, 1898, in a suit between strangers to this record and involving property and rights in no wise involved in the present suit. In the return, the sheriff recited publication of the writ in "The Living Issue, the same being a weekly newspaper published in Brown county once in each week for four consecutive weeks, the dates of publication being 31st day of March," etc.

[5] That the admission of the sheriff's return may have contributed to cause the verdict upon the special issue is plain, and, if there be error in its admission, the error cannot be said to be harmless. Phœnix Assurance Co. v. Manufacturing Co., 92 Tex. 297, 49 S. W. 222.

The fact of the issuance and service of citation in that suit is not of itself relevant to the jury issue in this suit. Hence the return was not admissible, nor was it admitted, for the purpose of proving the mere fact that the citation was issued and served; but it was introduced for the collateral purpose of showing that the citation was in fact published in The Living Issue during the spring of 1898, and thus indirectly and inferentially proving that the newspaper was in existence in the fall of 1897 so as to add credibility to the trustee's testimony. McCamant v. Roberts, 66 Tex. 260, 1 S. W. 260; Pratt v. Jones, 64 Tex. 694; Overand v. Menczer, 83 Tex. 122, 126, 127, 18 S. W. 301. Even if the judgment in the former suit had recited service in detail, it would not have been admissible as evidence of the fact that The Living Issue was being published in 1897 or 1898, or that the citation had been served by publication therein (Id.), and it is difficult to perceive any superior dignity in the sheriff's return. Objections to its admissibility ought to have been sustained.

Other questions are presented by Smith et al., but their correct solution depends largely upon the quantum of proof, and, in view of another trial, they need not be determined.

We recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.