## DAVENPORT et ux. v. SAN ANTONIO MACHINE & SUPPLY CO.

### No. 9031.

Court of Civil Appeals of Texas. San Antonio.

March 29, 1933.

Rehearing Denied April 19, 1933.

M. L. Harkey, of Crystal City, and Atlas Jones, of Uvalde, for appellants.

Goeth, Webb & Goeth, of San Antonio, for appellee.

MURRAY, Justice.

L. M. Davenport, one of the appellants herein, instituted this suit in the district court of Zavalla county against the San Antonio Machine & Supply Company, appellee herein, to recover the title and possession of one 25-horse power Fairbanks-Morse oil engine and certain other property, together with damages.

Davenport based his right to recover on the ground that appellee had sold this property at a public sale under the power of sale in a certain chattel mortgage; that the sale was illegal and void for the following reasons: (a) Because the chattel mortgage was void, the engine not being as represented at the time of its delivery; (b) because appellee accepted his check for $350, with a promise of an extension of time, and afterward required a new note for the sum of $1,458.72 and a deed of trust; (c) because the notice of sale con-

tained a mistake in the description of the land on which the property was located, in that the wrong section number was given; (d) because the sale price was grossly inadequate; (e) because Meusebach, the person who made the sale, was an officer and stockholder of appellee; (f) because Meusebach made no attempt to produce bidders; (g) because Meusebach arranged with an attorney to bid in said property; (h) because appellee improperly applied the check for the sum of $350; (i) because the sale was made to satisfy the note for the sum of $1,458.72, while the unpaid balance due on the note was in reality only $1,100.

The trial court sustained a general demurrer to Davenport's petition, and, upon his refusal to amend, his cause of action was dismissed.

We find no error in this action of the trial court. The grounds upon which appellant Davenport undertook to have this sale set aside and declared illegal were not sufficient as a matter of law to invalidate the sale.

Appellant's contention that the engine was not as represented was waived by the execution of the new note. The complaint that the check for $350 was not properly applied was also waived by the signing of the extension or renewal note. The renewal of the indebtedness by the execution of the new note was sufficient to carry forward and renew the chattel mortgage, and the giving of a deed of trust did not affect the chattel mortgage.

The fact that the notice of sale did not give the correct section number of the land on which the property was located does not negative the proposition that the place where the property was located was not otherwise sufficiently described.

The trustee is not required, as a matter of law, to see that the property brings an adequate price, nor is he required to have bidders present. The fact that Meusebach was a stockholder in appellee's company or that he had made arrangements to have an attorney bid on the property will not render the sale illegal. The fact that the sale was to satisfy a note for the sum of $1,458.72, when the proper unpaid balance was $1,100, is of no consequence, when such contention was in no way brought to appellee's attention prior to the sale. The sale being legal, appellee had a right to take charge of the property, and could not properly be charged with the conversion of it.

Appellant complains that property was taken which was not covered by the chattel mortgage, but this property is alleged to be of the value of $428, which is beneath the jurisdiction of the district court.

Appellant contends that in any event he is entitled to maintain his cause of action to remove the cloud from his title cast thereon by the deed of trust executed by him. In this connection he alleges that the land described in the deed of trust is his homestead and the deed of trust is void and never created a lien on his property. This being true, there is no cloud to be removed.

The judgment of the trial court is affirmed.