### SULLIVAN v. HARDIN et al.

### No. 4706.

Court of Civil Appeals of Texas. Amarillo.

Feb. 8, 1937.

Rehearing Denied March 8, 1937.

W. S. Birge, of Amarillo, for appellant.

Northcutt & Jordan, of Amarillo, for appellees.

HALL, Chief Justice.

On May 15, 1922, Mrs. Florence Hardin, joined by her husband, E. W.

Hardin, executed a power of attorney to H. T. Neeley, authorizing him as such attorney in fact to execute any and all contracts, transfers, releases, deeds, and in any and all cases and occasions in any business capacity in her stead and as her representative. This was acknowledged by Mrs. Hardin and her husband, but the certificate of acknowledgment of Mrs. Hardin fails to contain the words required by the statute (Vernon's Ann.Civ.St. art. 6608) that "she did not wish to retract it." It appears that her husband joined her pro forma, as the property hereinafter mentioned was a part of her separate estate. The certificate of acknowledgment was defective and void. Murphy v. Reynaud, 2 Tex.Civ.App. 470, 21 S.W. 991; Vanderwolk v. Matthaei (Tex.Civ.App.) 167 S.W. 304; Speer's Marital Rights (3d Ed.) 295.

Thereafter, H. T. Neeley conveyed, by deed retaining the vendor's lien, to Mrs. G. E. Sullivan, as her own separate property and estate, a residence in Amarillo for a total consideration of $9,750. The deed recites that $1,500 of the consideration was paid in cash and the remainder by the execution of a vendor's lien note payable to Mrs. Hardin in the sum of $8,250. The deed reserves the vendor's lien upon the property, and, in addition thereto, said lien was further secured by a deed of trust upon the lots. The note was signed by J. L. Sullivan and his wife, Mrs. G. E. Sullivan. Several payments were made on the notes, and the makers defaulted.

Jeff Neeley was named as trustee in the deed of trust, and H. T. Neeley, acting under the power of attorney above referred to, requested the trustee to proceed to advertise and sell the property under the power contained in the deed of trust. Jeff Neeley declined to act as trustee and resigned, whereupon H. T. Neeley, the attorney in fact, appointed F. P. Works as substitute trustee, who sold the property on May 1, 1934, for the sum of $4,750 to Mrs. Hardin, conveying the same to her as her own separate property and estate.

The deed of trust provided that upon refusal or failure of the trustee to act, the holder of the note, or any part thereof, was authorized to appoint a substitute trustee who shall thereupon succeed to all the estate, rights, powers, and trusts granted to the orginal trustee named in the instrument, and further provided that in the event of a breach or default then at the request of the legal holder of the note the trustee or his successor appointed thereunder was authorized and empowered to sell, the land conveyed, at public auction to the highest bidder for cash, etc.

After the sale, Mrs. Hardin instituted this suit to recover the balance due upon the note.

The Sullivans answered by general demurrer and special exceptions to the plaintiff's original petition, which were never urged or even presented to the court. A failure to present demurrers and exceptions constitutes a waiver and no assignment of error can be based thereon because there has been no action of the court as a basis for complaint. Southern Casualty Co. v. Morgan (Tex.Com.App.) 16 S.W.(2d) 533; Rhoads et al. v. Bonner et al. (Tex.Civ.App.) 49 S.W.(2d) 502; Kimball-Krough Pump Co. v. Judd (Tex. Civ.App.) 88 S.W.(2d) 579.

In addition to the general demurrer and special exceptions, the defendants filed a general denial, and disclaimed as follows:

"These defendants jointly do here and now disclaim all right, title and claim in and to all of the land sued for by the plaintiffs described in the first count of her petition, together with any improvements thereon."

This was followed by a plea of not guilty, a plea of coverture by Mrs. Sullivan, and a special answer by J. L. Sullivan which is in substance that he executed the note and deed of trust with his wife pro forma; that his signature was asked for and affixed only as a matter of form; that the property described in the first count of plaintiff's petition was, on May 1, 1930, conveyed by general warranty deed from Florence Hardin and her husband, pro forma, and that his wife, Mrs. G. E. Sullivan, was not legally qualified, authorized, or empowered to bind herself or her separate estate by the execution and delivery of the vendor's lien note sued upon; that there was no consideration paid to him at any time or promised to be paid for the execution of the note referred to in plaintiff's petition, and the premises were conveyed to his wife as her own separate estate, and for her use and benefit.

The court filed no findings of fact and conclusions of law, but the judgment recites that plaintiff is now in possession of the premises mentioned, together with all improvements, and has been at all times since May 2, 1934; that Sullivan and his

wife defaulted in the payment of the note, and Mrs. Hardin requested the trustee to sell said property, which was done after proper notice of such sale, for the sum of $4,750, and said property was conveyed to her; that there is a balance still due and unpaid upon the note, including principal and interest, in the sum of $3,793.81, together with 10 per cent. attorney's fees; that no deficiency judgment for money should be rendered against Mrs. Sullivan in any amount. It then decrees that Mrs. Hardin recover all title as against both defendants, and that she recover from J. L. Sullivan judgment for the deficiency, stated to be $4,173.19, with interest thereon. The court's finding that Mrs. Hardin requested the trustee to sell is contradicted by the record.

By the first proposition, the defendants attack the sufficiency of the petition upon the ground that it is in three counts, and that neither count gives the name or the place of residence of the plaintiffs or defendants. The formal parts of the petition, being paragraphs 1 and 2, allege these facts, and it was not necessary for each count to again set out the same facts; however, this contention has been waived as stated above by failure to present the demurrers and invoke the court's ruling thereon.

As heretofore stated, the appointment of H. T. Neeley is void on account of the defective certificate of acknowledgment of Mrs. Hardin.

The deed of trust gave Mrs. Hardin, as the holder of the note, authority to appoint a substitute trustee in writing. No such authority is conferred by the instrument upon her attorney in fact, H. T. Neeley, who made the appointment. The general rule is that the power to appoint a substitute trustee to execute the power of sale contained in a deed of trust can be asserted only in strict compliance with the express terms of the instrument. The power to appoint a substitute thus conferred upon the beneficiary in the instrument is not delegable. Hazleton v. Holt (Tex. Civ.App.) 285 S.W. 1115.

By reason of the fact that the power of attorney under which H. T. Neeley acted was defectively acknowledged, and because neither the deed of trust nor the power of attorney authorized him to appoint a substitute trustee upon the refusal of Jeff Neeley to act as such, the appointment of F. P. Works is a nullity and the sale by him is void. 29 Tex.Jur. pp. 973, 988; Michael v. Crawford, 108 Tex. 352, 193 S.W. 1070.

Because sales by mortgagees and trustees under powers are more liable to abuse, they are more zealously watched by courts of equity, and upon slight proof of unfair conduct or violation of the powers given by the instrument, they will be set aside. While it is true that the presumption of regularity exists generally in favor of judicial sales, it is well-settled that no such presumption prevails as to trustee's sales under powers granted by deeds of trust, the reason for the rule being that the exercise of such powers is a harsh remedy and that it can only be exercised by strictly complying with the terms and conditions imposed upon the power of sale by the maker of the trust instrument. Smith v. Albright (Tex.Com.App.) 288 S.W. 178; Allbright v. Smith (Tex.Com.App.) 5 S.W. (2d) 970; Reisenberg v. Hankins (Tex. Civ.App.) 258 S.W. 904, 910.

The recitals in the judgment show that the court deducted the amount of the bid made by Mrs. Hardin's representative at the time of the sale from the total amount of the note, interest, and attorneys' fees, and entered a deficiency judgment against J. L. Sullivan for the difference. Because there has been no valid sale and the whole proceeding is a nullity, the court had no data from which he could estimate the amount for which a deficiency judgment could have been entered. A prior valid sale was a condition precedent. As said by Judge Jackson in Hale County State Bank v. Bray et al. (Tex.Civ.App.) 97 S.W.(2d) 337, 339:

"It appears from the above authorities that the court was charged with judicial knowledge of the facts that no order of sale had been issued in the main suit, that the notes on which the lien was foreclosed therein had not been sold thereunder, and that the amount of the deficiency, if any, had not been ascertained. He was also charged with knowledge of the law which denies his authority to enter a judgment for such a deficiency, if one exists, until the amount thereof is determined."

This presents fundamental error. All of the testimony relating to the sale was incompetent, and the rule as announced in Henry v. Phillips, 105 Tex. 459,

151 S.W. 533, is that incompetent testimony can never form the basis of a finding of facts in the appellate court, notwithstanding its presence in the record without objection. When this court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The testimony showed that H. T. Neeley had never been legally appointed as attorney in fact for Mrs. Hardin, and even if his appointment had been valid, he was without any authority in law to appoint F. P. Works as substitute trustee. Eliminating this testimony because it is clearly incompetent there is no evidence upon which the court could base a judgment approving the sale and estimating the amount for which a deficiency judgment could be lawfully entered against Sullivan. A judgment which has no support in the evidence is void, and this will require a reversal of the judgment.

The appellee insists that even though the proceedings which resulted in the sale by the substitute trustee Works were void, yet there has been subsequent ratification by Mrs. Hardin. Illegal and void acts and contracts of one assuming to act under a defectively executed power of attorney cannot be ratified by the principal for the obvious reason that there is nothing to ratify. 2 C.J.S., Agency, p. 1075, § 37b; Great Southern Life Ins. Co. v. Dolan (Tex.Com.App.) 262 S.W. 475.

The appellant insists that Mrs. Hardin by adopting the remedy of a foreclosure by sale under the power of sale contained in the deed of trust is bound by her election and cannot foreclose. It is true that she had a right to sell under the power through a substitute trustee named by her, or to have a judicial foreclosure of her lien for the purpose of enforcing the collection of her note. The attempted foreclosure by sale being a nullity, it cannot be said that she is bound under the doctrine of the election of remedies. Lewis v. Powell (Tex.Civ.App.) 205 S.W. 737; Pickard v. Reed (Tex.Civ.App.) 52 S.W. (2d) 274; Coffman v. Brannen (Tex.Civ. App.) 50 S.W.(2d) 913; Gandy v. Cameron State Bank (Tex.Civ.App.) 2 S.W.(2d) 971.

For the reasons stated, the judgment is reversed and the cause remanded.