## CAMPBELL v. EASTERN SEED & GRAIN CO.

### No. 10166.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 3, 1937.

Jesse G. Foster, of Raymondville, for appellant.

Crane & Glarner, of Raymondville, for appellee.

SMITH, Chief Justice.

Eastern Seed & Grain Company foreclosed a chattel mortgage given by H. D. Campbell, and afterwards assumed by John R. Campbell, upon a building located in the city of Raymondville. John R. Campbell brought this action to set aside the sale,. and has appealed from an adverse judgment. The parties will be designated as plaintiff and defendant, respectively, as in the court below.

The record shows that the sale was made by the mortgagee, in private, without notice to the mortgagor. The relevant provision of the mortgage is as follows: "And said mortgagee may at said mortgagee's option (notice of which option is hereby expressly waived), foreclose this mortgage by action or otherwise, and said mortgagee is hereby authorized to enter upon the premises where said goods and chattels may be, and remove and sell the same and all equity of redemption of the mortgagor therein, either at public auction or private sale at Raymondville, Texas, or elsewhere, without demand for performance, and out of the proceeds of said sale pay the cost of foreclosing this mortgage and the expense of pursuing, taking, keeping, advertising, and selling said goods and chattels, including a reasonable attorney's fee, etc."

■ The case was tried by the court without a jury. The record is accompanied by a statement of facts, but no findings of fact by the court. In such case it must be presumed by this court that every issue of fact raised by pleading and evidence was resolved by the trial judge in favor of defendant. Under the record that presumption will be given effect here.

■ Plaintiff first contends that the sale was void because made without notice to plaintiff, as mortgagor. We overrule this contention, presented in plaintiff's propositions 1 and 3. It was expressly provided in the mortgage that the mortgagee need not give notice of the exercise of its option to foreclose, but was authorized to sell at public or private sale in "Raymondville, or elsewhere, without demand for performance"; there was no requirement, express or by necessary implication, that notice of intention to sell be given the mort-

gagor prior to sale. It was provided in the mortgage that the mortgagee "may purchase at such sale in the same manner, and to the same effect, as any person not interested herein."

■ The rule governing sales under foreclosure upon personal property is that the power to foreclose through sales, other than under court order, is purely contractual. 9 Tex.Jur. p. 189, § 85.

■ And while it is true that the contract of mortgage must be strictly construed, and the remedy thereunder strictly pursued, a requirement of notice may not be read into the contract, in the absence of express or implied provision therefor. This contract contained no such provision, and the courts have no power to enlarge the contract for the purpose of including the provision. Jones, Chat.Mortgages (5th Ed.) § 792.

■ There is this restriction upon a sale without notice, when not required by the contract, that the sale must be fair. But that restriction is satisfied in this case by the implied finding of the trial judge that the sale was fairly made. We overrule plaintiff's first, second, and third propositions.

■ In his fourth proposition plaintiff asserts that the bill of sale executed in pursuance of the sale at foreclosure was void because acknowledged before defendant's attorney representing him in the transaction. The contention is without merit. An attorney may take the grantor's acknowledgment in. such case. But, even so, a bill of sale of personal property is valid without acknowledgment, and the character or propriety of the acknowledgment becomes immaterial.

Plaintiff contends in his fifth and last proposition that the sale of the property for $975, when there was evidence to show its value to be $2000, showed conclusively that the sale was for an inadequate price, and that, when plaintiff tendered into court what he conceived to be the balance due on the property, such sale, "as a matter of equity," should have been canceled. We conclude that these matters raised questions of fact, both as to inadequacy of price and the sufficiency of the tender, and the court's implied finding thereon against plaintiff is binding upon this court. We overrule plaintiff's fifth proposition.

The judgment is affirmed.