SOUTHERN TRUST & MORTGAGE COMPANY V. MRS. R. J. DANIEL.

No. A-324. Decided December 30, 1944.
Rehearing overruled January 24, 1945.
(184 S. W., 2d Series, 465.)

*Earl A. Forsythe* and *Stewart, Burgess & Morris,* all of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold invalid the deed of trust sale because the sale of the property was made by the trustee to the mortgage company, of which he happened to be a stockholder and officer, especially where the purchasing corporation negotiated the loan between the mortgagor and

mortgagee and serviced the mortgage during its existence and had a participating interest of one-sixth of the interest collected and represented the mortgagee in the foreclosure sale and owed him a duty of deeding the property to him, as the purchaser at the foreclosure sale or to pay him the amount of his debt. Collier v. Ford, 81 S. W. (2d) 821; Copsey v. Sacramento Bank, 133 Cal. 659, 66 Pac. 7; 1 Jones on Mortgages (4th Ed.), 855; 65 C. J. 770.

*C. O. McMillan,* of Stephenville, for respondent.

Mr. Judge Hickman, of the Commission of Appeals, delivered the opinion for the Court.

The basic question for decision in this case is the validity of a trustee's deed executed by a trustee under powers contained in a deed of trust. The deed of trust was executed by Mrs. R. J. Daniel, respondent, a feme sole, to A. M. Costa, trustee, to secure the payment of a promissory note in the principal sum of $6,000.00 signed by Mrs. Daniel and two other persons and payable to the order of B. F. Henderson. It authorized the trustee to sell the land described therein upon default by the makers of the note and prescribed the steps to be taken by the trustee in effecting the sale. It contained no provision that the trustee might sell to himself. Default having been made, the trustee, at the request of Henderson, the payee in the note, sold the property at public sale under the powers contained in the deed of trust. It was struck off to petitioner, Southern Trust and Mortgage Company, a corporation, on the bid of its president, F. M. Love, in the sum of $5,000.00. No other bid was made. Thereafter, Costa, as trustee, executed a deed to the Company for the property.

Fifteen days later this suit was filed by Mrs. Daniel to recover the property. Her first count was in the form of an action in trespass to try title. She then pleaded specially certain grounds for setting aside the sale, alleging as one ground of illegality that Costa, the trustee, was a stockholder, director, vice-president, secretary and treasurer of the corporation to which he executed the deed and the sale was therefore, in effect, a sale to himself. The Court of Civil Appeals construed this pleading as a pleading in equity in which she offered to do equity. As that construction of the pleading has not been challenged, we shall treat the case as one of that nature, without considering the pleadings. After this suit was filed the petitioner paid Hen-

derson the principal and interest owing on the note to that date and took from him an assignment of the note and lien, and thereafter filed a cross action in the suit seeking to recover the property by virtue of the trustee's deed to it and, alternatively, declaring upon the note transferred to it by Henderson and praying for a foreclosure of the lien securing same. In the trial court judgment was rendered that respondent take nothing and in favor of the petitioner on its count in trespass to try title. The Court of Civil Appeals affirmed that portion of the judgment referable to the controversy between respondent and Henderson, the payee in the note, on the ground that it was shown that he had no further interest in the subject matter. As between respondent and petitioner, that court reversed the judgment of the trial court and remanded the cause "for the adjustment of any equities between them and that plaintiff may have the opportunity to redeem her property * * *." Daniel v. Henderson, 183 S. W. (2d) 242.

■ We have concluded that the case cannot be distinguished in principle from, and is therefore ruled by Parks v. Worthington, 101 Texas 505, 109 S. W. 909. In that case the wife of the trustee named in the deed of trust was the purchaser at his sale and one of the questions presented for decision was the validity of such sale. The sale was made regularly and in accordance with the provisions of the deed of trust. Justice Williams, in speaking for this court, reasoned on the question as follows:

"* * * But, virtually, the purchase was by the trustee himself. No evidence was offered that the consideration was furnished out of Mrs. Parks' separate estate. The conveyance was to her during marriage and the presumption is that it became common property. It is too well settled to require citation of authorities that property so obtained can not be held against the application of the beneficiary to set it aside, accompanied by the offer to restore the consideration paid. To say the least, it is voidable at plaintiff's option upon her doing equity. This is all the judgment allows. Nor do we intimate that the result of this case would be different if the purchase had been made with the wife's separate funds. The husband would, in such event, be interested in the purchase because the property would become subject to his management and its fruits and revenues would fall into the common estate of himself and wife, and it might well be held that, considering the relation between a wife and her husband acting as trustee for another, his interest in the purchase, his opportunities to abuse the confidence reposed in him and to favor his wife at the expense of those whose interests it would be his duty to consult and guard with the most

perfect disinterestedness, the transaction would be voidable at the election of the *cestui que trust*. (Tenison v. Patton, 95 Tex. 284.) It is unnecessary to pursue the subject further."

The facts of this case bring it well within the principles of that decision. We are not called upon to decide whether or not the mere fact, standing alone, that the trustee owned stock in a corporation which became the purchaser at a public sale conducted by him under powers granted in a deed of trust would make the sale invalid. That is not the case before us and we therefore express no opinion with reference thereto. In this case Costa, the trustee, was more than a mere minority stockholder in the purchasing corporation. It is not disclosed what percentage of the stock of the corporation was owned by him, but is was evidently a substantial amount. The record affirmatively discloses that he was one of its ranking, active executive officers; that ever since the organization of the corporation in 1924 he had been a member of its board of directors, its vice-president, secretary and treasurer, and that he was a close business associate of F. M. Love, the president of the corporation who bid in the property, and who also had been a director and president of the corporation since its organization. Costa and Love operated as a firm in an insurance business separate from the corporatioin, and that firm and the corporation both had offices at 707 Republic Bank Building, Dallas.

This suit was instituted within fifteen days from the date of sale, and no rights of third parties had then intervened. The property was bid in at $5,000.00, that being the only bid, and the jury found that it was worth $10,350.00 on that day. It cannot be said that the trustee might not have sought and obtained a much higher bid from the corporation itself had he not been one of its officials. As an officer of the corporation the temptation to make an advantageous purchase of the property would be as great as, if not greater than, it would were he purchasing for himself individually. The Court of Civil Appeals puts the matter this way:

"* * * Every reason that has ever been applied by the authorities in the application of the rule against a purchase by the trustee, or that can be applied, is applicable to the facts in this case with full force and effect. Duty and loyalty of Mr. Costa to his Company for whose ongoing, progress and prosperity he, as its officer and director has, create for him the greatest responsibility. His relationship to it should and doubtless does, stimulate in him a greater interest and desire to pro-

mote its welfare than to protect and promote his own personal interests, because in the former those who respose and entrust confidence in him may suffer from his neglect and failure, whereas he alone suffers in the later instance. The opportunity for conflict between interest and duty is the vicious ingredient. The presence of the opportunity in this case is too unmistakable and certain to overlook."

We do not hold that the sale was void, but limit our holding to the conclusion that it should be set aside upon the application of the mortgagor promptly made and upon her doing equity. Of the granting to her of that right the purchaser has no just grounds to complain. To deny her that right would be to lower the high standards prescribed by courts of equity for the governing of fiduciaries.

In deference to the trial court's judgment it is but fair to state that Mr. Costa has been exonerated of any charge of disloyalty, but what we decline to approve is a practice which affords an opportunity for and creates a temptation to disloyalty. Were that practice given the approval of this court, then instances of disloyalty could arise under circumstances in which it would be impossible to make proof thereof. That consideration affords sufficient grounds for condemning the practice altogether.

██ Petitioner seeks to uphold the sale under the rule that a mortgagee may purchase at his own sale. The rule is settled in this state that a mortgagee with power to sell may purchase at his own sale made at public auction, and that a deed of trust is in legal effect but a mortgage with power of sale. Howard v. Davis, 6 Texas 174; Connolly v. Hammond, 51 Texas 635; Bohn v. Davis, 75 Texas 24, 12 S. W. 837; Thornton v. Goodman (Com. App.) 216 S. W. 147. Under that rule, if the petitioner were a beneficiary under the deed of trust, the sale to it could not be impeached. But the facts fail to bring it into that relationship with the mortgagor. The principal fact upon which petitioner relies in support of this theory is simply that for its services in collecting and remitting interest payments made on the note it received one per cent. This was under an arrangement between it and Henderson, the payee in the note, to which respondent was not a party. That fact falls far short of being sufficient to make petitioner a beneficiary under the deed of trust with the rights incident to a mortgagee.

██ It is claimed that the judgment of the Court of Civil Appeals should have decreed the title and possession of the premises in petitioner subject to the right of respondent to redeem the prop-

erty within a reasonable time to be fixed by the Court. That is the effect of the judgment of the Court of Civil Appeals, as we construe it. When the case is returned to the trial court that court should adjust the equities and fix the time within which the respondent must redeem the property, failing in which petitioner's title should be confirmed. We do not understand that the Court of Civil Appeals directed any contrary course of procedure in the specific provision quoted above in this opinion. The judgment of the Court of Civil Appeals, which affirms that of the trial court in part and reverses and remands the case in part, is affirmed.

Adopted by Supreme Court December 30, 1944.

Rehearing overruled January 24, 1945.