Construing Art. 1, Section 15 of the Constitution of Texas, Vernon's Ann.St. and Arts. 10, 10a, 11 and 12, V.A.C.C.P., this Court has held that a jury cannot be waived in a case involving a capital offense. Kemp v. State, 159 Tex.Cr.R. 110, 261 S.W.2d 573; Ex parte Stewart, 155 Tex.Cr.R. 479, 236 S.W.2d 799; Ex parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286.

█ The conviction being deemed void for the reasons stated, the indictment stands as though no trial had occurred.

It is ordered that relator be relieved from further confinement in the penitentiary under said conviction and that he be delivered by the penitentiary authorities to the Sheriff of Bell County to answer in the District Court of such county to the indictment which was originally returned against him in said Cause No. 11,685.

**Joe Thela BOWDEN and Edwin Merrell, Appellants,**

v.

**PARTNERS' FINANCE, Appellee.**

No. 6492.

Court of Civil Appeals of Texas.

Amarillo.

April 25, 1955.

Howard & Tucker, Lubbock, for appellants.

Treadway & Blumrosen, Lubbock, for appellee.

MARTIN, Justice.

Appellant, Joe Thela Dowden, purchased a 1950 model used Studebaker automobile from Patton Brothers. He desired to finance this automobile with appellee, Partners' Finance, but appellee refused to finance the automobile without an additional maker on the promissory note. Appellant, Bowden, finally induced appellant, Edwin Merrell, to execute the note for the automobile as a joint maker of the same.

Three payments were made on the automobile by appellant, Bowden, who then brought the automobile to Patton Brothers and left the same standing at that location. Appellee, being advised of the return of the automobile, took possession of the same and sold it under the provisions of the chattel mortgage executed by appellants and then sued appellants for the balance due on the note.

The case was tried to a jury but the trial court, on motion non obstante veredicto, withdrew the case from the jury and rendered judgment for the appellee in the sum of $341.41 and against both appellants, jointly and severally. Both appellants perfected an appeal and Bowden's complaint is that there was not a fair sale of the mortgaged property and that the debt should be credited with the reasonable market value of the automobile as sold. He further asserted that an exception should have been sustained to plaintiff's original petition on the grounds that such petition was insufficient to put him on notice of the things expected to be proved. The appellee filed an amended petition in the cause. A separate brief was filed for appellant, Merrell, whose first two points present an issue that his signing of the note with Bowden was conditioned upon the understanding that he would not become bound thereon unless and until he failed to keep up with the whereabouts of Joe Bowden and that the court erred in not letting him prove before the jury that he would not have executed the note without such agreement. Merrell also complains of the overruling of his exception to plaintiff's original petition asserting that such petition did not apprise him of the nature of appellee's claims. Merrell further raised the issue of usury in this court but the same was not asserted in the trial court and has no merit here.

. The trial court did not err in rendering judgment non obstante veredicto for appellee, Partners' Finance. The gist of the findings of the jury under issues submitted to them is that:

"* * * such note and chattel mortgage were delivered to the Plaintiff upon an understanding that Edwin Merrell would not be bound thereon unless and until he failed to keep up with the whereabouts of the defendant Joe Bowden?"

Appellant, Merrell, also sought to predicate fraud on the same allegations as outlined in the jury finding. As stated in Dean v. Allied Oil Co., Tex.Civ.App., 261 S.W.2d 900, [4, 5] 902:

"An unconditional written instrument cannot be varied or contradicted by parol agreements or by representations of the payee that the maker would not be held liable according to the tenor of the instrument." (Citing cases.)

Distributors Inv. Co. v. Patton, Tex.Com. App., 130 Tex. 449, 110 S.W.2d 47, 48:

" 'There are no allegations whatever on the part of plaintiffs, nor proof, to the effect that by reason of fraud, accident or mistake the written contract contained anything not agreed to by the parties, or that any promise, representation or warranty was omitted therefrom.' "

Also see, Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515, Syl. 4.

Aside from the rules of law governing the issue as hereinabove detailed, the trial court correctly entered judgment non obstante veredicto because the verdict of the jury was not supported by the evidence in the record. Appellant, Bowden, testified that an agent for the Partners' Finance told him:

" * .* * I had to get somebody to go on my—sign the papers."

He further testified that he never heard the conversation between Merrell and the agent for the Partners' Finance as to the execution of the note. The following direct examination of appellant, Merrell, reveals the following:

"Q. What reason did you sign that note, Mr. Merrell?

"A. Because the car he had had, why, he wasn't able to use it and he did need a car. Every time he had to carry the kids to school around there and sometimes used it in our work. He needed the automobile and did want the automobile and I thought if I could help, why, I would."

Other testimony could be detailed on the same issue but the above facts are sufficient to reveal the lack of any evidence supporting the jury finding that Merrell signed the note under an agreement that he would not become bound thereon unless and until he failed to keep up with the whereabouts of Bowden.

Upon the issue of whether the appellee conducted a fair sale of the Studebaker automobile, the testimony of Merrell himself reveals that he was notified in writing that Bowden was behind in his payments and the testimony of the agents for Partners' Finance is not controverted as to the fact they sent out notices of the impending sale of the automobile. The evidence is wholly uncontroverted that there were three bidders who appeared at the time and place of the sale and that the automobile was sold for $100 as the highest bid made for the same. Bowden testified the automobile had been used on the farm to haul water and that the lid to the turtle was broken off. Bowden did not controvert the appellee's evidence as to the abused condition of the body of the automobile. The mortgage itself provided for a private sale of the property and the mortgagee " * * * is not required, as a matter of law, to see that the property brings an adequate price, nor is he required to have bidders present." Davenport v. San Antonio Machine & Supply Co., Tex.Civ.App., 59 S.W.2d 207, 208 [5], error refused.

The pleadings will not be discussed as the amended pleadings adequately apprised both appellants of the nature of the cause of action and detailed sufficient facts to enable them to prepare a defense to the suit.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.