**E. A. PAYNE, Appellant,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.**

**No. 7730.**

Court of Civil Appeals of Texas.

Amarillo.

June 26, 1967.

Rehearing Denied Sept. 11, 1967.

Cox & Hurt, Joe L. Cox, Plainview, for appellant.

Simpson, Adkins, Fullingim & Hankins, Jim F. Fullingim, Amarillo, for appellee.

NORTHCUTT, Justice.

General Motors Acceptance Corporation, as plaintiff, brought suit against E. A. Payne, as defendant, to collect the balance due under the terms of a conditional sales contract. Plaintiff alleged that on or about August 24, 1965, defendant executed and delivered to A. C. Benson Chevrolet Company, Inc. a conditional sales contract in the principal sum of $4,360.32, payable in thirty-six monthly installments of $121.12 beginning October 10, 1965, at the office of General Motors Acceptance Corporation in Amarillo, Potter County, Texas. Said conditional sales contract contained the provision that if default should be made in any payment, when due, then the seller should have the right at its election to declare the unpaid balance due and payable and further for attorney's fees. Plaintiff further alleged that on August 24, 1965, before the maturity date of the first installment of said contract, A. C. Benson Chevrolet Company, Inc. assigned the conditional sales contract to General Motors Acceptance Corporation for a valuable consideration and that General Motors Acceptance Corporation was the owner and holder of the same. Plaintiff also pleaded defendant's default, sale of collateral, balance due and all necessary matters to authorize the plaintiff to recover. The defendant answered contending he did not owe plaintiff any amount as the property covered by the conditional sales contract was or should have been, by use of reasonable diligence on the part of the plaintiff, of a reasonable cash value of more than the amount due under such conditional sales contract.

The case was set down for trial before the court at 9:00 o'clock a. m. on September 6, 1966, and all parties notified. The defendant did not arrive for trial at 9:00 o'clock and a default judgment was entered. However, defendant did appear just before 10:00 o'clock a. m. on the day of trial. On September 12, 1966, the defendant filed his motion asking the judgment be set aside and that he be granted a new trial. Such motion was overruled and from that order the defendant perfected this appeal.

■ In defendant's motion for new trial he contended he had a meritorious defense to plaintiff's cause of action because the security of the conditional sales contract was or should have been worth the balance of the purchase price owed at the time the same was repossessed. There are no pleadings or proof of any misconduct on the part of the plaintiff in selling the security. The fact that the property was or might have been worth more than the balance due, taken alone, is not sufficient to set aside the sale and the plaintiff was not required to see that the property brought the amount still unpaid. Davenport v. San Antonio Machine & Supply Co., 59 S.W.2d 207 (Tex.Civ.App.–San Antonio, 1933, writ ref'd); Bowden v. Partners' Finance, 278 S.W.2d 866 (Tex.Civ.App.–Amarillo, 1955, no writ).

■ It is not a question here as to whether some other judge might have granted a new trial under the same circumstances but did the court here abuse his discretion in overruling the motion for new trial? We do not believe the defendant pleaded facts showing a meritorious defense by merely pleading in his motion for a new trial that the property was or should have been worth the balance of the purchase price owed. The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff and must be supported by affidavits or evidence proving prima facie that the defendant has such meritorious defense. Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966), and the cases there cited.

Judgment of the trial court is affirmed.