

# The Attorney General of Texas

March 13, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Services Building
Dallas, Texas  75202

Opinion No. JM-449

Re: Whether a county may, by auction, lease courthouse space to be used by a private cafeteria

Dear Mr. Wade:

You have informed us that the Dallas County Commissioners Court wishes to lease space owned by Dallas County located in the County Government Center. The court proposes to lease the space to a private business to operate a cafeteria. You have also informed us that the area was originally designed and built for use as a cafeteria, and contains county owned cafeteria equipment which will be leased with the space. The commissioners court also proposes that all utilities will be provided and maintained by the county at no cost to the lessee. Finally, you have informed us that it is the intent of the county to obtain for the county treasury the greatest amount of rent that may be obtained through the competitive process. In that regard you have requested our opinion on the authority of the commissioners court to lease the space and what procedures should be utilized.

The Dallas County Commissioners Court has only the powers conferred either expressly or by necessary implication by the constitution and statutes of this state. See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). The Sixty-third Legislature amended article 1577, V.T.C.S., to read as follows:

> The Commissioners Court may, by an order to be entered on its minutes, appoint a Commissioner to sell or lease any real estate of the county at public auction, and notice of said public auction shall be advertised at least twenty (20) days before the day of sale, by the officer, by having the notice thereof published in the English language once a week for three (3) consecutive weeks preceding such sale or lease in a newspaper in the county in which the real estate is located and in the county which owns the real estate, if they are not the same. (Emphasis added).

See Acts 1973, 63rd Leg., ch. 449, §1, at 1329. Thus, we believe that the cafeteria space within the County Government Center is county owned "real estate" within the meaning of article 1577.

The authority of a county commissioners court to lease space within a courthouse to a private business may be exercised under limited circumstances. The commissioners court must determine whether the use of the rental space will not interfere with the proper use of the courthouse, and whether it is necessary to the convenience of those transacting business in the courthouse. See Dodson v. Marshall, 118 S.W.2d 621 (Tex. Civ. App. - Waco 1938, writ dism'd); see also Attorney General Opinion MW-200 (1980); but see Tarrant County v. Rattikin Title Co., 199 S.W.2d 269 (Tex. Civ. App. - Fort Worth 1947, no writ) (commissioners court is not authorized to lease office space to private enterprise which was originally erected for use of public office).

Article 1577 requires the commissioners court to follow a specified procedure before leasing county-owned real estate. We believe that this statutory procedure is mandatory and the commissioners court is not allowed to deviate from its standards. See State v. Fox, 133 S.W.2d 987 (Tex. Civ. App. - Austin 1939, writ ref'd). Thus, article 2368a.5, V.T.C.S., the County Purchasing Act, which provides a procedure to ensure competitive bidding in regard to county purchases does not apply to leases. See V.T.C.S. art. 2368a.5, §3(a); see also Attorney General Opinion JM-385 (1985). You provide no information indicating that a contract for services is also involved with this lease. If so, a contract for services must be separated and dealt with under the competitive bidding statutes.

However, as quoted above, article 1577 only specifies the procedure the commissioner court is to follow before a public auction is held to lease county-owned real estate. The provision does not specify the mode by which a bid is to be made and other procedures for conducting the public auction. Under such circumstances, the Texas Supreme Court has stated:

> Where a right is conferred or obligation imposed on said [commissioners] court, it has implied authority to exercise a broad discretion to accomplish the purpose intended.

Anderson v. Wood, 152 S.W.2d 1084, 1085 (Tex. 1941). The legislature in amending article 1577 intended that a public auction be held before leasing county owned real estate. V.T.C.S. art. 1577. Therefore, the commissioners court has the discretion to accomplish this purpose.

A public auction is the sale or lease of property to the highest bidder by means of competition for the purpose of a fair price, and should be fairly conducted. See Kolbo v. Blair, 379 S.W.2d 125 (Tex. Civ. App. - Corpus Christi 1964, writ ref'd n.r.e.); see also Attorney General Opinion V-1148 (1951); 7 Tex. Jur. 3d Auction & Auctioneers §1, at 524. You are specifically concerned about the manner of bid required before a lease pursuant to article 1577 is valid. You suggest that a sealed bid may be necessary. We are of the opinion

that the commissioners court may use full discretion in conducting the auction so long as the intentions of the bidder are plainly indicated and fair competition is insured for all parties participating. Cf. Bell County v. Felts, 120 S.W. 1065 (Tex. Civ. App. 1909), rev'd on other grounds, 132 S.W. 123) (Tex. 1910) (sale of county real estate by public auction requires public outcry). Although bids probably may be made anonymously, we do not believe that the auction may be conducted with just a sealed bid. The amount of the bid must be open so that competing bidders may raise their bids in response.

You have also asked whether a person appointed by the county commissioners court to conduct a public auction pursuant to article 1577 may be a person other than a "county commissioner". We think not. Article 1577 requires that a commissioners court may "appoint a commissioner" to lease county-owned real estate. See V.T.C.S. art. 1577. The words of this provision are clear and unambiguous on this point. See Attorney General Opinion V-477 (1948) (person must be a member of the commissioners court). Accordingly, we conclude that the person appointed by the commissioners court to execute the lease itself and to oversee a public auction to award the lease of county-owned real estate under article 1577 must be a member of the county commissioners court. The auctioneer need not, however, be a county commissioner.

### S U M M A R Y

Article 1577, V.T.C.S., requires the Dallas County Commissioners Court to conduct a public auction to lease space in the County Government Center to private business to be used as a cafeteria. The commissioners court is also required to determine whether the lease of the space will not interfere with the proper use of the courthouse, and whether the lease agreement will afford a convenience to those transacting business in the courthouse. The commissioners court has some discretion to specify what type of bids may be submitted for consideration at a public auction to lease county-owned real estate. Sealed bids, however, would defeat the purpose of a public auction. Finally, article 1577 also requires that the person appointed by the commissioners court to oversee a public auction be a member of the commissioners court.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General